**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **REGINA HOLMES MITCHELL** <br> 12005 Nevin Lane, <br> Fort Washington, MD 20744, <br><br> **Plaintiff,** <br><br> v. <br><br> **SMITH, GAMBRELL & RUSSELL, LLP** <br> 1055 Thomas Jefferson Street, NW, Suite 400 <br> Washington, DC 20007 <br><br> **Defendant.** | ) <br> ) <br> ) <br> ) <br> ) <br> ) **Civil Action No.** <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) **JURY TRIAL DEMANDED** |

**COMPLAINT**
(Disability Discrimination; Retaliation)

Pursuant to Federal Rule of Civil Procedure Rule 3, Plaintiff Regina Holmes Mitchell (hereafter "Plaintiff"), by her undersigned attorney, hereby files her Complaint.

**I. JURISDICTION AND VENUE**

1. This Court has jurisdiction of the subject matter of this complaint pursuant to 28 U.S.C. § 1331, because this is an action arising under the laws of the United States, specifically, Title VII of the Civil Rights Act of 1964 (Title VII), as amended, 42 U.S.C. § 2000e-5(f) and Title I of the Americans with Disabilities Act of 1991 (ADA), 42 U.S.C. §12117(a), see also 42 U.S.C. § 2000e-5(f).

2. In or around January 2010, Plaintiff filed a formal Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) in Charge No. 570-2010-00651 and the DC Office of Human Rights in Docket No 11-289-P (CN-TR).

3. The EEOC accepted Plaintiff's formal Charge of Discrimination as timely.

4. Defendant was duly notified about Plaintiff's administrative complaints and was

given an opportunity to respond to her allegations.

5. On August 17, 2015, the EEOC issued Plaintiff a Notice of Right to Sue, by regular mail.

6. This Complaint is filed within 90 days after Plaintiff received the Notice of Right to Sue on her EEOC complaint on August 19, 2015.

7. Plaintiff has exhausted the administrative remedies available to her under 42 U.S.C. §§ 2000e, *et seq.*, and all conditions precedent have occurred or been performed.

8. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(c), as Smith, Gambrell & Russell, LLP (hereinafter "Defendant") has extensive and deliberate contacts in this District and Division, including a business location at 1130 Connecticut Ave NW # 1130, Washington, DC 20036, at which Plaintiff performed work during her tenure with Defendant.

## II. THE PARTIES

9. Plaintiff is a resident of Maryland and a former employee of Defendant.

10. Defendant is a person within the meaning of 42 U.S.C. § 2000e(a) and an employer within the meaning of 42 U.S.C. § 2000e(b), which employs more than 500 employees.

## III. FACTS CENTRAL TO PLAINTIFF'S CLAIMS

11. In or around December 22, 2008, Defendant hired Plaintiff as a Legal Secretary.

12. On August 3, 2009, Defendant categorized Plaintiff as dyslexic and Plaintiff's direct supervisor shoved her.

13. Plaintiff's direct supervisor would throw temper tantrums and verbally chastise her.

14. After August 3, 2009, Plaintiff reported her direct supervisor's behavior to Defendant's Office Manager, as well as to officials in the Atlanta home office.

15. However, no corrective action was taken.

16. Instead, Plaintiff's direct supervisor's mistreatment escalated, and she began to scrutinize Plaintiff's performance and to sabotage her work product.

17. Plaintiff was given substantially more work and held to a higher standard than the other legal secretaries.

18. Plaintiff was told by Defendant's Office Manager that she had to produce error-free work for thirty days.

19. However, Plaintiff's direct supervisor began to manipulate documents that Plaintiff had created within the automated database in order to make it appear that Plaintiff had made multiple errors.

20. Plaintiff believes that her direct supervisor set her up for failure.

21. On or around December 4, 2009, Defendant terminated Plaintiff's employment.

## IV.  STATEMENT OF CLAIMS

### Count I:  Disability Discrimination (ADA)

22.  Plaintiff adopts and incorporates by reference ¶¶ 1-21 above.

23. As stated above, Defendant regarded Plaintiff as being dyslexic.

24. Defendant unlawfully discriminated against Plaintiff on the basis of her perceived disability in violation of the ADA.

25. As a result of Defendant's violations of the ADA, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

### Count II:  Retaliation (ADA)

26.  Plaintiff adopts and incorporates by reference ¶¶ 1-25 above.

27. As stated above, Defendant regarded Plaintiff as being dyslexic.

28. After Plaintiff complained about being regarded as dyslexic, Defendant began to retaliate against her.

29. As a result of Defendant's violations of the ADA retaliation clause, Plaintiff has suffered and is suffering injuries, including loss of past, present, and future earnings and considerable mental distress.

## IV.  REMEDIES SOUGHT

30. WHEREFORE, Plaintiff respectfully requests that the Court issue a judgment granting her the following relief from Defendant:

   a. A declaratory judgment that Defendant discriminated against Plaintiff, as alleged herein;

   b. Back pay, including without limitation other lost benefits due to Defendant's discrimination against Plaintiff;

   c. Compensatory and punitive damages, pursuant to the ADA and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §§ 1981a(a)(2), 1981a(b)(3)(A), for taking these actions with malice and bad faith;

   d. Prejudgment and post judgment interest on all damages, on the lost compensation and compensatory damages;

   e. Reasonable attorneys' fees and costs under 42 U.S.C. §§ 1981a, 2000e-5(k); and

   f. Such other and further relief as to the Court seems just and warranted.

## VI.  JURY TRIAL DEMAND

31. Plaintiff requests a jury trial on all issues of fact and damages arising herein.

Respectfully submitted,

*Edgar Ndjatou*

_____
EDGAR NDJATOU
McCree Ndjatou, PLLC
1828 L Street, NW, Suite 600
Washington, DC 20036
T: (202) 618-7092
F: (202) 370-7173
endjatou@mnlawyerspllc.com
Attorney for Plaintiff